MARLYN REALTY COMPANY, PROSECUTOR, v. ZONING BOARD OF ADJUSTMENT OF THE TOWN OF WEST ORANGE ET AL., RESPONDENTS.

Submitted May 13, 1927—Decided June 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Howe & Davis*.

For the respondents, *Alfred J. Grosso*.

PER CURIAM.

This is a zoning case. It is before this court on a writ of *certiorari* to review the decision of the zoning board of adjustment of the town of West Orange. The prosecutor is the owner of a tract of land on the southwest corner of Gregory avenue and Orange Heights avenue in the town of West Orange. The lot has a frontage on Gregory avenue of one hundred feet and a frontage on Orange Heights avenue of forty-four feet. The prosecutor desires to erect a one-story building containing seven retail stores on this tract of land. The prosecutor made application to the building inspector of the town of West Orange, submitting an application in writing, plans, specifications, and tendering the amount of the legal fee for the issuing of the said permit. The building inspector notified the prosecutor that he would not issue the permit. The reason assigned for this refusal was that the zoning ordinance in force in the town of West Orange forbade the erection of stores on said premises. The property was zoned as a one-family district. This is conceded. The prosecutor then took an appeal to the zoning board of adjustment.

This board heard the appeal. The prosecutor offered testimony to show that the buildings would be constructed in accordance with the building code of the municipality. The architect who prepared the plans testified that in his opinion the construction and existence of these stores would be in no way detrimental to the public health, morals or safety of the community. Citizens attended the meeting and made various statements with reference to the situation. Various objections were advanced by those speaking against the granting of the building permit. The zoning board of adjustment denied the prosecutor's application. T he finding of facts and determination as set forth in the record is elaborate and mentions most of the matters which have been the subject of litigation in zoning cases during the past few years. The prosecutor then applied for and obtained the present writ of *certiorari*.

The constitutional amendment respecting zoning, which was approved and ratified on September 20th, 1927, and took effect October 18th, 1927, and the statute of April 3d, 1928, known as chapter 274 of the laws of 1928, have been reviewed in a recent decision of this court in the case of *Koplin, relator,* v. *Village of South Orange, 6 N. J. Mis. R.* 489. In the present case we consider that in the proceedings before the board of adjustment there was no testimony to the effect that the provisions of the ordinance are unreasonable. The presumption is that they are reasonable. *Burg* v. *Ackerman, 5 Id.* 96. There is also a presumption that the action of the board of adjustment was right. *Silvester* v. *Princeton, 5 N. J. Adv. R.* 1801. This court will not distrub the action of the board of adjustment unless its action is shown by evidence to be wrong. *Oxford Construction Co.* v. *Orange, 137 Atl. Rep.* 545.

The decision of the board of adjustment of the town of West Orange is, accordingly, affirmed. The writ of *certiorari* will be dismissed, without costs.